IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EMMANUEL O. SOYOOLA,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:13-cv-08907

OCEANUS INSURANCE COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is a Motion to Remand [Docket 6] and a Motion for Leave to Supplement the Motion to Remand [Docket 11] filed by the plaintiff, Emmanuel O. Soyoola. Also pending before the court is a Motion to Dismiss [Docket 18] filed by the defendant Healthcare Professional Services, Inc. ("HPSI"). All motions are fully briefed and now ripe for review. For the reasons set forth below, the plaintiff's Motion to Remand is **DENIED**, the Motion for Leave to Supplement the Motion to Remand is **DENIED** as moot, and the defendant's Motion to Dismiss is **DENIED** as moot.

    **I.    Background**

    Emmanuel Soyoola is a Georgia resident and a doctor practicing in West Virginia. (*See* Compl. [Docket 1-2] at ¶ 1). Soyoola obtained medical malpractice insurance from Oceanus Insurance Company ("Oceanus"), a South Carolina company. (*Id.* at ¶¶ 2-8). HPSI, a Georgia company, acted as the broker in connecting Soyoola to Oceanus. *Id*. In 2009, Oceanus declined to renew Soyoola's insurance and offered tail coverage insurance. (*Id.* at ¶¶ 9-10). This insurance

amounted to coverage of $250,000. (*Id.* at ¶ 13). The plaintiff was sued for malpractice in West Virginia for claims arising during the coverage period. (*Id.* at ¶ 15). Independent of that malpractice suit, the plaintiff filed a suit in the Circuit Court of Kanawha County against Oceanus and HPSI for three claims: (1) breach of contract under W.Va. Code § 33-20D-3; (2) declaratory judgment for the tail insurance coverage due under W.Va. Code § 33-20D-3; and (3) violation of the Unfair Trade Practices Act. W.Va. Code § 33-11-1 *et seq.* (*Id.* at ¶¶ 20-28). Oceanus removed the case to the district court claiming fraudulent joinder of the non-diverse defendant HPSI among other reasons. (*See* Notice of Removal [Docket 1]).

## II. Legal Standard

### a. Choice of Law

This court has diversity jurisdiction over the matter,[1] and therefore must apply the choice of law rules of the state in which it sits—West Virginia. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). "[T]he interpretation of insurance policy coverage, rather than liability, is treated as a contract question for purposes of conflicts analysis." *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W. Va. 580 (1990). In West Virginia, *lex loci contractus* has been the traditional rule to apply in a choice of law analysis related to contract construction. *Johnson v. Neal*, 187 W. Va. 239, 241-42 (1992); *see also City of Bluefield, W. Va. v. Autotrol Corp.*, 723 F. Supp. 362, 364 (S.D. W. Va. 1989); *McGough v. Nalco Co.*, 496 F. Supp. 2d 729 (N.D. W. Va. 2007). Under this rule, "[t]he law of the state in which a contract is made and to be performed

---

[1] Although Soyoola and HPSI are non-diverse parties, this court has jurisdiction to decide the matter of fraudulent joinder. When HPSI is dismissed as fraudulently joined, the remaining parties will be Soyoola, a Georgia resident, and Oceanus, a South Carolina resident, and the amount in controversy will exceed $75,000 giving this court diversity jurisdiction.

2

governs the construction of a contract when it is involved in litigation." *Triangle*, 182 W. Va. at 583-84 (quoting Syl. pt. 1, *Mich. Nat'l Bank v. Mattingly*, 158 W. Va. 621 (1975)).

Beginning with *Lee v. Saliga*, 179 W. Va. 762 (1988), the Supreme Court of Appeals of West Virginia has moved away from a strict adherence to the *lex loci contractus* approach and towards the "most significant relationship" test under the Restatement (Second) of Conflict of Laws § 6. The result is a "modified modern 'more significant relationship' test, which combines the principles set forth in Sections 6 and 193 of the Restatement (Second) of Conflict of Laws with our prior case law." *Howe v. Howe*, 218 W. Va. 638, 643-44 (2005). This test has been articulated by the Supreme Court of Appeals of West Virginia:

> [I]n a case involving the interpretation of an insurance policy, made in one state to be performed in another, the law of the state of the formation of the contract shall govern, unless another state has a more significant relationship to the transaction and the parties, or the law of the other state is contrary to the public policy of this state.

*Triangle*, 182 W. Va. at 585. The "more significant relationship" test is informed by the principles stated in § 6 of the Restatement, which sets forth the following factors in subsection (2):

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2)(a)-(g); *Triangle*, 182 W. Va. at 585.

### b. Fraudulent Joinder

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

3

(1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998).

The party seeking removal bears the burden of establishing federal jurisdiction. See *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008) (internal citations omitted).

Under the doctrine of "fraudulent joinder," however, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation omitted) (internal quotation marks omitted). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33 (internal citations omitted).

4

Additionally, the Fourth Circuit has held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under the Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a "glimmer of hope," the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

### III.     Analysis

In the plaintiff's Memorandum of Law in Opposition to HSPI's Motion to Dismiss, Soyoola asserts that the relationship between the plaintiff and HSPI is defined by Georgia law, even though the claims are brought under West Virginia law. (*See* Memo. In Opp. [Docket 26], at 6). Due to the multiple potential sources for relevant law, it is necessary to analyze in detail the choice of law.[2] As stated before, because this court is situated in West Virginia it will be applying West Virginia's choice of law rules. Although there is a presumption in favor of applying the law of the forum where the contract was entered into, that presumption will be outweighed if "another state has a more significant relationship to the transaction and the parties, or the law of the other state is contrary to the public policy of [West Virginia]." *Triangle*, 390 S.E.2d at 567. Although this contract was issued and entered into in Georgia, the contract was intended to cover Soyoola's actions in West Virginia, the claims put forth by the plaintiff are based on West Virginia law, the related suit which raised the question of insurance coverage is based on events occurring in West

---

[2] Although HPSI is not a party to the contract at issue in this case, as all of the claims in this case arise from the contract, West Virginia's choice of law rules for contract claims will be used rather than any other choice of law theory.

Virginia and is being litigated in West Virginia, and Georgia's law is sufficiently different that the use of Georgia law would be contrary to the public policy of West Virginia. Therefore, I **FIND** that West Virginia law has the most significant relationship to the transaction and parties and will be applied to this case.

As explained below, under West Virginia law, insurance brokers and the agencies they work for are not liable under any of the claims brought by the plaintiff in this case. With regard to Count I: Breach of Contract, there are two points to be made. First, the claim made under this heading is not a breach of contract claim, but rather an illegal contract claim under West Virginia statutory law. Second, West Virginia Code § 33-20D-3, on which Count I is based, states that "[u]pon cancellation, nonrenewal or termination of any claims made professional malpractice insurance policy, the insurer shall offer to the insured tail coverage." HPSI is not an insurer under West Virginia law and therefore it cannot have an obligation to comply with this statute. Furthermore, HPSI, as a broker, is not in a position to offer coverage to any insured; that is the domain of the actual insurer. As for Count II: Declaratory Judgment, this claim is merely a request to compel the defendants to comply with W.Va. Code § 33-20D-3. As HPSI is not bound by this statutory provision, any claim for a declaratory judgment based on it must necessarily fail against HPSI.

The plaintiff's claims under Count III: Unfair Trade Practices Claims are very similar to claims brought against an insurance broker and her agency in *Hill v. John Alden Life Insurance Co.* 556 F. Supp. 2d 571 (S.D.W.V. 2008). In that case, the court found the broker and agency to be fraudulently joined because:

> First, the plaintiff does not allege anywhere that [the broker or her agency] made misrepresentations regarding coverage with such frequency as to indicate a general

6

> business practice. The complaint lacks any statements referring to repeated personal experience with such conduct or knowledge about other customers subjected to unfair claim settlement practices. Second, with these allegations, the plaintiff is again trying to hold insurance agents liable for the provider's unfavorable decision. There are no allegations of specific misrepresentations regarding pertinent facts or policy provisions.

*Id.* at 576-77. That analysis applies equally well in this case, in which the plaintiff fails to allege any facts indicating the existence of a general business practice or any reason why the insurance agency should be held liable for the actions of the insurer. For the foregoing reasons, I **FIND** that the plaintiff has stated no claim of action under which he has a "glimmer of hope" of recovery against the defendant, HPSI.

## IV. Conclusion

Although the plaintiff claims that this motion to dismiss was untimely filed, personal jurisdiction is not waivable and regardless I would have found that the defendant HPSI had been fraudulently joined. Therefore, I **FIND** that the defendant HPSI has been fraudulently joined and must be dismissed from this case. As the parties are now completely diverse, I **DENY** the plaintiff's Motion for Remand [Docket 6]. Furthermore, as the plaintiff's supplemental motion for remand did not address the grounds used to deny the Motion to Remand, I **DENY** the plaintiff's Motion for Leave to Supplement the Motion for Remand [Docket 11] as moot. Finally, as the defendant HPSI has already been dismissed, I **DENY** the defendant's Motion to Dismiss [Docket 18] as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 23, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE