UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

EMMANUEL O. SOYOOLA,

    **Plaintiff,**

v.                                         Civil Action No. 2:13-cv-08907

OCEANUS INSURANCE COMPANY,

    **Defendant.**

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S STATEMENT OF MATERIAL FACT

Plaintiff Emmanuel O. Soyoola, M.D. ("Dr. Soyoola"), by counsel, responds to Defendant Oceanus Insurance Company's ("Oceanus") statement of facts, alleges and shows to this Court as follows:

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
| --- | --- |
| 1. Oceanus is a risk retention group organized under the laws of South Carolina | True. |
| 2. By on or about May 28, 2006, Plaintiff Emmanuel Soyoola purchased insurance from Oceanus. | False. Dr. Soyoola purchased insurance from Oceanus in May 2005.<br><br>Dr. Soyoola purchased insurance from Oceanus to cover his West Virginia and Georgia practice in May 2005. Oceanus insured him in Georgia for that policy year. Oceanus cancelled/terminated Dr. Soyoola's May-2005-issued policy for reasons unknown, then renewed/reissued the West Virginia coverage in August 2006. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 3. As part of that transaction, Soyoola executed, among other things, a Joinder to Shareholders Agreement, in which he expressly acknowledged, accepted, and agreed that "[t]he federal Liability Risk Retention Act of 1986 provides for the formation of risk retention groups with members of like exposures," that Oceanus "is regulated in accordance with the Act and South Carolina law," and that "[c]overage is written on a claims-made basis." | False. That 'transaction,' including Dr. Soyoola's execution, among other things, of a Joinder to Shareholders Agreement, was executed in May 2005. Further, HPSI obtained Soyoola's signature, and delivered the executed Joinder to Shareholders Agreement to HPSI as part of its contractual broker arrangement with Oceanus. |
| 4. Soyoola's policy with Oceanus, under which he initially purchased limits of liability of $1 million, for the original policy period, is a claims-made policy that requires written notice of detailed claim information to trigger coverage. | False. As required and directed to do by Oceanus, Dr. Soyoola reported during the original policy period the events surrounding the McNeely delivery and birth.<br>**See: EXHIBIT A, in which Oceanus tells its insureds NOT to contact Oceanus, but directs insureds to contact the broker to report a claim or incident.**<br>**EXHIBIT B: McNeely Thank You Note & Photographs dated May 2006 provided to HPSI by Dr. Soyoola before renewal in August 2006 when Dr. Soyoola had given notice of the potential claim and events of McNeely.** |
| 5. For the transaction, Soyoola used an independent agent, Fred Seilkop of Healthcare Professional Services, Inc. ("HPSI"), who had previously served as Soyoola's broker in procuring quotes and insurance for Soyoola from other providers. | False. Dr. Soyoola used the agent appointed for him by Oceanus. Fred Seilkop and HPSI had a written brokerage/agency agreement with Oceanus. Dr. Soyoola denies HPSI and Mr. Seilkop were "independent". **See: Exhibit C.** |
| 6. Oceanus had not previously done business with Soyoola, nor had it done business with Fred Seilkop or HPSI before the transaction involving Soyoola. | False. Oceanus insured Dr. Soyoola in Georgia and West Virginia starting in May 2005, when the coverage "ceded to Oceanus". |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 7. The written agreement between Oceanus and HPSI was fully executed on May 10, 2008, effective January 9, 2008. | Not a material fact. |
| 8. This non-exclusive agreement provided that HPSI "may not bind" Oceanus, that Oceanus had "the absolute right to decline to accept any insurance application or to cancel any and all insurance that may be written," by HPSI, and that HPSI is an "independent contractor." | Irrelevant. The quoted language relates to HPSI not having authority to bind Oceanus to write coverage, or to cancel an Oceanus policy in place. |
| 9. Consistent with the non-exclusive, independent nature of the agreement with HPSI, it continued to procure quotes and insurance for Soyoola and others from various insurance providers. | Irrelevant. |
| 10. By that time, Oceanus had given notice to Soyoola that his insurance coverage was being terminated. | False. See above. |
| 11. On July 30, 2009, Oceanus offered to Soyoola tail coverage with limits in the amount of $1 million/$3 million for a one-time premium of $150,093, or limits of $250,000/$750,000 for a one-time premium payment of $84,898. | False. Dr. Soyoola never received this offer from Oceanus. Furthermore, the Affidavit of Fred Seilkop supports a premium different than Oceanus contends. |
| 12. HPSI communicated these options to Soyoola in an email dated July 30, 2009. | False. Dr. Soyoola never received this offer from Oceanus nor did he lower his limits of liability request. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 13. Soyoola signed a letter expressly confirming his selection of the lower limit option of $250,000 in tail coverage. | False. Dr. Soyoola states he has never seen this document, nor signed the document which purports to be his request to lower his limits of liability of tail coverage. Dr. Soyoola was told he was receiving in exchange for his tail premium, coverage limits under his tail policy going forward in West Virginia in the amount of $1 million per claim. |
| 14. The tail coverage with Oceanus became effective August 1, 2009. | True, however Oceanus never provided Dr. Soyoola with a copy of his tail policy, endorsement and/or declaration to tail policy until after he filed this action. |
| 15. HPSI placed Soyoola's prospective coverage with Catlin Underwriting. | Irrelevant. |
| 16. Soyoola's application to Catlin Underwriting attached various reports of claims, but does not reference anything about the McNeely claimants at issue in this litigation. | True, however not relevant as Dr. Soyoola reported McNeely to Oceanus through its agent HPSI while the original policy was in effect and HPSI prepared the Catlin application and had earlier told Dr. Soyoola he did not need to report the McNeely incident and Dr. Soyoola had no knowledge then of a McNeely claim against him. Therefore, Dr. Soyoola had no contractual obligation to report an event he previously had reported in 2006 to Oceanus (McNeely), nor did he have reason to believe a potential claim would result. Regardless, Dr. Soyoola reported the potential McNeely claim to Oceanus through HPSI timely during the policy period. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 17. The application identifies several other claimants, and on page 7, Soyoola certified "that as of the date of this application, all known claims or suits for incidents which occurred from the retroactive date as stated on Page 1 of this application to (PRESENT DATE) 8/1/2009 have been reported to my current insurance carrier: (CARRIER) OCEANUS INSURANCE COMPANY." | See response to No. 16. |
| 18. In the sentence that followed, Soyoola "also warrant[ed] that any and all acts, incidents and/or circumstances, of which I am aware, and which might reasonably be expected to result in a claim under the prior acts coverage afforded by any policy issued were disclosed to Catlin Underwriting Agency, U.S., Inc. prior to the effective date of such coverage and are listed below," but his attachments did not identify the McNeely events. | True, however Dr. Soyoola reported/disclosed the McNeely events to Oceanus through his broker HPSI in May 2006 during the effective period of his original claims-made policy. Four years after reporting it to Oceanus through HPSI, Dr. Soyoola was unaware and had no reasonable belief that the McNeely incidents/circumstances of four (4) years prior would result in a claim and HPSI never advised Dr. Soyoola that he needed or was required to report it again to anyone. |
| 19. The first written record of notice of the McNeely claim consists of an email dated December 15, 2009, McNeely's counsel to a lawyer for Soyoola in another malpractice case. | Denied. Dr Soyoola gave written notice by transmitting the thank you note and photographs in 2006. Also, as HPSI refuses to produce Mr. Seilkop for deposition or production of all HPSI's records regarding Dr. Soyoola, it's possible other relevant written documents exist, which Dr. Soyoola hasn't been able to access because of an alleged stay of discovery urged by Oceanus and its counsel. |
| 20. That email concluded: "Please advise to whom the Notice of Claim and Certificate of Merit should be directed." | Same as 19. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 21. The next day, counsel for Soyoola sent an email to Oceanus stating that "[y]esterday, I received a telephone call from a pltfs attorney, Paul Farrell, Jr. [and he] advised me of this new claim that he has against Dr. Soyoola." | Same as 19. |
| 22. Soyoola also notified Catlin Underwriting, his subsequent insurance provider, of this new claim in a "Claim Supplement" dated June 1, 2010, in which he stated that the McNeely claim was reported on March 20, 2010. | False. Dr. Soyoola did not notify Catlin Underwriting of the McNeely claim, but Fred Seilkop/HPSI provided notice by email notification to Rick Bolin at Catlin Underwriting. Oceanus did not do so. |
| 23. All records of written, or for that matter any, notice of a claim by McNeely post-dates the effective dates of Soyoola's tail coverage with Oceanus at the lower limits he chose of $250,000. | False. Dr. Soyoola did not elect to lower his $1 million of claims-made coverage under his Oceanus policy when Oceanus, without written notice required by the Policy, terminated Dr. Soyoola's original Policy. |
| 24. The only communication that Soyoola has produced from McNeely to Soyoola pre-dating the tail coverage with Soyoola was a thank you card, stating "To Dr. Soyoola, Thanks for everything you did to save my little boys life, From: Jamie & Tracy McNeely." | False. Dr. Soyoola also sent photographs and gave notice to Oceanus through HPSI of the McNeely events prior to Oceanus's termination of his original claims-made Policy. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 25. Early on, Oceanus tendered policy limits of $250,000 to settle the McNeely claims. | Dr. Soyoola admits Oceanus has offered $250,000 to settle the McNeely claims, but denies that is the applicable coverage. Oceanus has repeatedly rejected Dr. Soyoola's demands that Oceanus pay the $1 million coverage (which Plaintiffs then had demanded as full and complete settlement.) See letters dated February 24, 2013, and on March 19, 2013. |
| 26. In an email dated December 22, 2011, from Soyoola's counsel to Oceanus and Soyoola stated: "I again offered the $250,000 per our discussions yesterday," but that he "was told that unless and until the hospital settles, the Plaintiff is not willing to accept our $250,000." | Same as 25, except the Court should appreciate that the reference to "Soyoola's counsel" referenced is NOT Dr, Soyoola's personal counsel representing him in this action. Instead, "Soyoola's counsel" is counsel retained and controlled by Oceanus. |
| 27. Since that time through the present, Oceanus has made available the full policy limits of $250,000 to settle the McNeely claims for Soyoola, and has provided him with a defense." | Same as 25. |
| 28. Counsel for Soyoola in the McNeely malpractice case has informed counsel for Soyoola in this case that "Oceanus has had the $250,000 on the table even before the initial lawsuit was filed." | Same as 25. |

| STATEMENT OF FACT ALLEGED BY DEFENDANT OCEANUS | RESPONSE OF PLAINTIFF |
|---|---|
| 29. On or about July 26, 2013, this Court earlier entered an Order (Docket No. 30) that dismissed HPSI form this case on fraudulent joinder grounds, finding no viable claim stated against it. Nonetheless, on or about April 20, 2014, in conjunction with the underlying state court proceedings on the McNeely claim, Soyoola filed a motion for leave to add HPSI as a third party defendant in that case. *See* Declaration of Phillip T. Glyptis ¶ ¶ 2-3. | Denied. On or about July 23, 2013, this Court entered an Order [ECF 30] that denied as MOOT, defendant HPSI's motion to dismiss complaint [ECF 18] on the basis HPSI had been fraudulently joined.<br><br>On April 22, 2014, Dr. Soyoola filed a unopposed motion for leave to add HPSI, Fred Seilkop and Seilkop & Associates, LLC as third party defendants in that case on grounds and causes and claims not asserted in or ruled upon in this case. |

**Respectfully submitted,**

**EMMANUEL O. SOYOOLA, M.D.**

**By Counsel**

/s/ Shawn P. George
Shawn P. George, Esq. (WVSB #1370)
George & Lorensen, PLLC
1526 Kanawha Blvd., East
Charleston, West Virginia 25311
Phone: (304) 343-5555
Fax: (304) 342-2513
sgeorge@gandllaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**EMMANUEL O. SOYOOLA,**

    **Plaintiff,**

v.                                                                  Civil Action No. 2:13-cv-08907

**OCEANUS INSURANCE COMPANY,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Shawn P. George, do hereby certify that I served the foregoing "Plaintiff's Responses And Objections To Defendant's Statement Of Material Fact" on counsel of record this 22nd day of May, 2014, using the Court's CM/ECF filing system, as follows:

Melanie Morgan Norris, Esq. (WV Bar #9378)
Phillip T. Glyptis, Esq. (WV Bar # 8581)
Steptoe & Johnson PLLC
P.O. Box 751
Wheeling, WV 26003
304-233-0000
304-233-0014 (facsimile)
melanie.norris@steptoe-johnson.com
phillip.glyptis@steptoe-johnson.com
*Counsel for Defendant*

Barry Pollack (admitted Pro Hac Vice)
Pollack Solomon Duffy LLP
133 Federal Street, Suite 902
Boston, MA 02110
bpollack@psdfirm.com
*Counsel for Defendant*

                                                                   s/ Shawn P. George